UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSCAR FRED JENKS,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security,[1]<br><br>　　　　　　　　　　　Defendant. | Case No.:  20CV1432-AJB(BLM)<br><br>**REPORT AND RECOMMENDATION FOR ORDER (1) GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, (2) DENYING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT, AND (3) REMANDING FOR FURTHER PROCEEDINGS**<br><br>**[ECF Nos. 19 and 20]** |

　　　Plaintiff Oscar Fred Jenks brought this action for judicial review of the Social Security Commissioner's ("Commissioner") denial of his claim for Social Security Disability Insurance Benefits.  ECF No. 6.  Before the Court are Plaintiff's Opening Brief [ECF No. 19-1 ("Pl.'s Mot.")] and Defendant's Cross-Motion for Summary Judgment and Opposition to Plaintiff's motion [ECF No. 20 ("Def's Mot.")].  Plaintiff did not file a reply.  See  Docket.

　　　This Report and Recommendation is submitted to United States District Judge Anthony J. Battaglia pursuant to 28 U.S.C. § 636(b) and Civil Local Rule 72.1(c) of the United States District Court for the Southern District of California.  For the reasons set forth below, this Court **RECOMMENDS** that Plaintiff's Motion for Summary Judgment be **GRANTED**, Defendant's

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021.

1  Cross-Motion for Summary Judgment be **DENIED**, and the case be remanded for further
2  proceedings.

### PROCEDURAL BACKGROUND

On August 29, 2017, Plaintiff filed a Title II application for a period of disability and disability insurance benefits alleging disability beginning on March 12, 2015. See Administrative Record ("AR") at 16. The claims were denied initially on January 11, 2018, and upon reconsideration on May 1, 2018, resulting in Plaintiff's request for an administrative hearing on May 16, 2018. Id.

On April 10, 2019, a video hearing was held before Administrative Law Judge ("ALJ") Louis M. Catanese. Id. at 16-32. Plaintiff and an impartial vocational expert ("VE"), Ms. Abbe May, testified at the hearing. Id. at 16, 280. In a written decision dated May 13, 2019, ALJ Catanese determined that Plaintiff had not been under a disability, as defined in the Social Security Act, from March 12, 2015 through the date last insured, December 31, 2018. Id. at 32. Plaintiff requested review by the Appeals Council. Id. at 1. In a letter dated May 28, 2020, the Appeals Council denied review of the ALJ's ruling, and the ALJ's decision therefore became the final decision of the Commissioner. Id. at 1-3.

On July 24, 2020, Plaintiff filed the instant action seeking judicial review by the federal district court. See ECF No. 1. On June 24, 2021, Plaintiff filed an Opening Brief alleging that "[t]he ALJ impermissibly rejected [Plaintiff's] subjective symptom testimony." Pl.'s Mot. at 5-17. Defendant filed a timely Cross-motion for Summary Judgment and Opposition to Plaintiff's Motion for Summary Judgment asserting that "[t]he ALJ properly considered Plaintiff's allegations." Def's Mot. at 5-11.

### ALJ's DECISION

On May 13, 2019, the ALJ issued a written decision in which he determined that Plaintiff was not disabled as defined in the Social Security Act. AR at 16-32. At step one the ALJ determined that Plaintiff had not engaged in substantial gainful activity during the relevant time period (since March 12, 2015 – December 31, 2018). Id. at 18. At step two, he considered all of Plaintiff's medical impairments and determined that the following impairments were "severe"

as defined in the Regulations: "1) diabetes mellitus; 2) peripheral neuropathy; 3) peripheral vascular disease, status-post 3 toe amputations of the right foot; 4) lumbar myofascial pain syndrome; and 5) a mental impairment variously diagnosed as depression and anxiety (20 CFR 404.1520(c))." Id. at 19. At step three, the ALJ found that Plaintiff's medically determinable impairments or combination of impairments did not meet or medically equal the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526). Id. at 20. At step four, the ALJ considered Plaintiff's severe impairments and determined that his residual functional capacity ("RFC") permitted him

> to only perform sedentary work activity as defined in 20 C.F.R. § 404.1567(a) and could not climb ladders, ropes, or scaffolds and could perform all other postural activities on an occasional basis; would need to avoid concentrated exposure to vibration and also hazards, such as unprotected heights and/or dangerous machinery; would further be limited to only unskilled work tasks as would be consistent with an SVP level of 1 to 2 but no greater than 2; and would also not be expected to have greater than occasional interaction with any coworkers, supervisors, and/or members of the public.

Id. at 23. The ALJ found that while Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms," Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." Id. at 24. The ALJ further determined that while Plaintiff is unable to perform past relevant work, considering his age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. Id. at 31.

## STANDARD OF REVIEW

Section 405(g) of the Social Security Act permits unsuccessful applicants to seek judicial review of the Commissioner's final decision. 42 U.S.C. § 405(g). The scope of judicial review is limited in that a denial of benefits will not be disturbed if it is supported by substantial evidence and contains no legal error. Id.; see also Miner v. Berryhill, 722 Fed. Appx. 632, 633 (9th Cir. 2018) (We review the district court's decision de novo, disturbing the denial of benefits only if

the decision "contains legal error or is not supported by substantial evidence.") (quoting Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Cir. 2008).

Substantial evidence is "more than a mere scintilla but may be less than a preponderance." Ahearn v. Saul, 988 F.3d 1111, 1115 (9th Cir. 2021) (quoting Molina v. Astrue, 674 F.3d 1104, 1110–11 (9th Cir. 2012) (quotation marks and citations omitted), *superseded by regulation on other grounds*. It is relevant evidence that a reasonable person might accept as adequate to support a conclusion after considering the entire record. Id. See also Biestek v. Berryhill, 139 S.Ct. 1148, 1154 (2019). "In determining whether the Commissioner's findings are supported by substantial evidence, [the court] must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the [ALJ's] conclusion." Laursen v. Barnhart, 127 Fed. Appx. 311, 312 (9th Cir. 2005) (quoting Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1998)). Where the evidence can reasonably be construed to support more than one rational interpretation, the court must uphold the ALJ's decision. See Ahearn, 988 F.3d at 1115-1116 (citing Mayes v. Massanari, 276 F.3d 453, 459 (9th Cir. 2001)). This includes deferring to the ALJ's credibility determinations and resolutions of evidentiary conflicts. See Ahearn, 988 F.3d at 1115 ("[t]he ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities," and "we reverse only if the ALJ's decision was not supported by substantial evidence in the record as a whole") (quoting Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995)).

Even if the reviewing court finds that substantial evidence supports the ALJ's conclusions, the court must set aside the decision if the ALJ failed to apply the proper legal standards in weighing the evidence and reaching his or her decision. See Miner, 722 Fed. Appx. at 633. Section 405(g) permits a court to enter judgment affirming, modifying, or reversing the Commissioner's decision. 42 U.S.C. § 405(g). The reviewing court also may remand the matter to the Social Security Administration for further proceedings. Id.

## DISCUSSION

### A.  Subjective Symptom Testimony

Plaintiff argues that "[t]he ALJ impermissibly rejected [Plaintiff's] subjective symptom

testimony." Pl.'s Mot. at 5-17. Defendant contends that "[t]he ALJ properly considered Plaintiff's allegations." Def's Mot. at 5-11.

### 1. Relevant Law

The Ninth Circuit has established a two-part test for evaluating a claimant's subjective symptoms. See Lingenfelter v. Astrue, 504 F.3d 1028, 1036 (9th Cir. 2007). "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." Id. (internal quotation marks and citation omitted). The claimant, however, need not prove that the impairment reasonably could be expected to produce the alleged degree of pain or other symptoms; the claimant need only prove that the impairment reasonably could be expected to produce some degree of pain or other symptom. Id. If the claimant satisfies the first element and there is no evidence of malingering, then the ALJ "can [only] reject the claimant's testimony about the severity of her symptoms . . . by offering specific, clear and convincing reasons for doing so." Id. (internal quotation marks and citation omitted). "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." Reddick, 157 F.3d at 722 (quoting Lester v. Chater, 81 F.3d 821, 834 (9th Cir. 1995)). The ALJ's findings must be "sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit [Plaintiff's] testimony." Thomas v. Barnhart, 278 F.3d 947, 958 (9th Cir. 2002).

When weighing the claimant's testimony, "an ALJ may consider . . . reputation for truthfulness, inconsistencies in testimony or between testimony and conduct, daily activities, and unexplained, or inadequately explained, failure to seek treatment or follow a prescribed course of treatment." Orn v. Astrue, 495 F.3d 625, 636 (9th Cir. 2007) (internal quotation marks and citation omitted). An ALJ also may consider the claimant's work record and testimony from doctors and third parties regarding the "nature, severity, and effect of the symptoms" of which the claimant complains. Thomas, 278 F.3d at 958–59 (internal quotation marks and citation omitted); see also 20 C.F.R. § 404.1529(c). If the ALJ's finding is supported by substantial evidence, the court may not second-guess his or her decision. See Thomas, 278 F.3d at 959;

5

20CV1432-AJB(BLM)

Carmickle v. Comm'r, Soc. Sec. Admin., 533 F.3d 1155, 1162-63 (9th Cir. 2008) (where the ALJ's credibility assessment is supported by substantial evidence, it will not be disturbed even where some of the reasons for discrediting a claimant's testimony were improper).

Neither party contests the ALJ's determination that Plaintiff has the following severe impairments: "1) diabetes mellitus; 2) peripheral neuropathy; 3) peripheral vascular disease, status-post 3 toe amputations of the right foot; 4) lumbar myofascial pain syndrome; and 5) a mental impairment variously diagnosed as depression and anxiety." AR at 19. Because the ALJ determined that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms"—a finding that is not contested by either party—the first prong of the ALJ's inquiry regarding Plaintiff's subjective symptoms is satisfied. Id. at 24; see also Lingenfelter, 504 F.3d at 1036; Pl.'s Mot.; Def.'s Mot. Furthermore, neither party alleges that the ALJ found that Plaintiff was malingering. See Pl.'s Mot.; Def.'s Mot. As a result, the Court must determine whether the ALJ provided clear and convincing reasons for discounting Plaintiff's subjective claims regarding his symptoms. See Lingenfelter, 504 F.3d at 1036.

The first issue presented to the Court is which of Plaintiff's subjective claims the ALJ discounted. The second issue is whether the ALJ provided clear and convincing reasons for discounting each identified claim.

### 2. Specific Subjective Claims

Plaintiff argues that the ALJ failed to identify the specific subjective claims Plaintiff made that the ALJ decided were not credible, and thus does not provide the necessary information for meaningful judicial review. Pl.'s Mot. at 10 (citing Brown-Hunter v. Colvin, 806 F.3d 487, 492 (9th Cir. 2015) (finding legal error where ALJ failed to identify the testimony she found not credible and consequently "did not link that testimony to the particular parts of the record supporting her non-credibility determination.")). Plaintiff argues that the ALJ merely provided a summary of the medical evidence, without tying specific evidence to specific claims, which is insufficient. Id. Defendant does not directly address this allegation by, for example, identifying the statements or claims the ALJ discounted and the evidence supporting each discount. Def.'s Mot. at 5-11. Rather, Defendant merely argues that the ALJ "assessed a highly restrictive RFC"

and "provided specific and legitimate reasons explaining why he found the record did not warrant further limitations." Id.

In the ALJ's written decision, he acknowledged his duty to consider Plaintiff's symptoms and make a finding on the credibility of the statements based on a consideration of the entire case record. AR at 24. Then he paraphrased some of Plaintiff's testimony and statements of record as follows:

> The claimant testified that he does not have a driver's license and he takes the bus to get around. He does the vacuuming and can sometimes shower but has difficulty. During the day, he lies down and listens to the radio. Regarding the medical conditions that affect his ability to work, he said his back hurts so badly that he cannot sit, stand, or walk too much; arthritis affects his hands; and he has depression. He also has diabetes with neuropathy in his feet so he loses his balance. His feet to his hips hurt with the three toe amputations. He said it is hard to keep his concentration and he has memory loss but he gets along with people. His medications include Novolog, aspirin, gabapentin, triple antibiotic, gemfibrozil, Zoloft, acetaminophen, silfadine, Nicoderm, Admelong, Risperdal, and [L]isinopril. He said medications cause him to be groggy.

Id. Next, the ALJ stated that "the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." Id. The next three pages are devoted to summarizing the medical evidence in the record. Id. at 24-28. The ALJ then summarizes the medical opinion evidence and notes that additional restrictions are appropriate. Id. at 28-30. The ALJ concludes by stating that "the above residual functional capacity assessment is supported by the overall evidence of record, the general opinions of the State agency consultants, many of the findings of the consultative examiners, and the claimant's ability to perform various activities, including vacuuming, using the bus for transportation, and the consultative examiner's report that he drives and has no difficulty with self-care." Id. at 30.

The ALJ's vague references to Plaintiff's statements "about the intensity, persistence, and limiting effect of his symptoms" [id. at 24] are not specific identifications of which statements

are being discredited. Holohan v. Massanari, 246 F.3d 1195, 1208 (9th Cir. 2001) (holding that "the ALJ must specifically identify the testimony she or he finds not to be credible and must explain what evidence undermines the testimony."). Plaintiff made numerous statements in his testimony about his pain and a variety of other symptoms, and the ALJ failed to specify which statements he did not believe and to connect each statement to the evidence that undermined it. AR at 24-29, 43-67. This error is especially significant in this case because Plaintiff has both physical and mental impairments and his physical impairments affect a variety of potential activities. Id. at 19. A few examples from the ALJ's opinion highlight this error.

At the beginning of his analysis of Plaintiff's claims, the ALJ stated "[a]s for the claimant's statements about the intensity, persistence, and limiting effects of his symptoms, they are inconsistent because the overall physical evidence often includes unremarkable findings, including normal gait, negative straight-leg raising test, no edema, full range of motion in all bilateral extremity joints, 5/5 motor strength, intact reflexes, and normal gait." Id. at 24. This generalized finding does not identify the statement or symptom that is being addressed nor the evidence undermining Plaintiff's claim. While a review of the ALJ's report could lead to a conclusion that the ALJ may be devaluing Plaintiff's testimony regarding his poor balance, need to use a cane, and/or pain due to toe amputations based on the fact that there are "multiple reports of a normal gait without the reported use of a cane" and unremarkable findings such as normal gait, negative straight-leg raising test, and full range of motion in all bilateral extremity joints [id. at 24 (citing Exhibits 5F at 3-5, 7F at 58, and 10F at 14[2], 47, 50[3], 59, and 88), 30 (same)], the ALJ does not specifically state this connection between Plaintiff's testimony and the record and the ALJ's summary does not identify the specific evidence that undermines a specific statement made by Plaintiff. See Garrison v. Colvin, 759 F.3d 995, 1010 (9th Cir. 2014) ("[w]e

---

[2] The purpose of this citation is unclear as it appears to support Plaintiff's testimony and states that while Plaintiff has a normal gait, he is only "able to stand with difficulty." AR at 576.

[3] The purpose of this citation is unclear as it appears to support Plaintiff's testimony and states that Plaintiff has a "stable gait with cane." AR at 612.

review only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely.") (citing <u>Connett v. Barnhart</u>, 340 F.3d 871, 874 (9th Cir. 2003)). Because the ALJ's statement is non-specific, the Court cannot determine whether the ALJ is discounting Plaintiff's subjective claim of pain, lack of balance, need to use a cane, or some other symptom and cannot evaluate the legitimacy of the ALJ's determination.

Similarly, the ALJ may be attempting to discredit Plaintiff's testimony regarding the limitations presented by his depression, poor memory, and inability to concentrate by stating that Plaintiff "has frequently been noted to have appropriate mood and affect with additional reports of intact memory, insight, and judgment." <u>Id.</u> at 24 (citing Exhibits 3F at 3, 4F at 5, 6F at 4, 7F at 35, 50, 72, and 106, 9F at 14, and 10F at 14, 108). However, again, the ALJ fails to identify the specific statement or symptom that he is discrediting or to specifically identify the connection between Plaintiff's testimony and the record. See <u>Garrison</u>, 759 F.3d at 1010 (citing <u>Connett</u>, 340 F.3d at 874).[4] Instead, the ALJ merely makes a generalized statement that he is discounting Plaintiff's symptom testimony and provides a generalized conclusion that the medical evidence does not support Plaintiff's claims. <u>Id.</u> at 24, 30.

Finally, the ALJ states that "the claimant reported having pain in August 2016 after dropping a couch on his right foot. Exhibit 7F/103. His decision to attempt to lift a couch is not fully consistent with his alleged limitations." AR at 30. The ALJ does not identify the specific limitation claimed by Plaintiff that is inconsistent with the described conduct. <u>Id.</u> While moving or attempting to move furniture may be inconsistent with some of Plaintiff's allegations, the ALJ

---

[4]It is worth noting that most of the medical records the ALJ cites to that could be construed as supporting his conclusion that Plaintiff's testimony lacks credibility because they show an appropriate mood and affect are taken from records that are focused on Plaintiff's physical ailments and not from evaluations or examinations related to his mental health. AR at 320 (Exh. 3F at 3, Office visit for amputated toe follow-up), 334 (Exh. 4F at 5, Diabetes follow-up appointment), 391 (7F at 35, Emergency Room documentation for abnormal blood sugar), 405 (7F at 50 Emergency Room documentation for toe pain and swelling), 428 (7F at 72 Emergency Room documentation for toe pain and swelling), 462 (428 (7F at 106 Emergency Room documentation for foot pain and swelling), 533 (9F at 14, Chief Complaint, ulcers on both feet), 576 (10F at 14, Chief Complaint back and lower extremity pain).

does not identify those specific allegations, so any inconsistency is unclear.  The inconsistency is especially confusing because the couch moving incident occurred in July 2016 before Plaintiff had three toe amputations and before other health issues existed.  See AR at 456 (August 12, 2016 medical record from Sharp Grossmont Hospital noting that Plaintiff dropped a couch on his right foot three weeks ago), 463-464 (August 13, 2016 operative report for right great toe amputation), 413-415 (November 1, 2016 discharge summary for Plaintiff's October 26, 2016 partial amputation of right first toe), 692-693 (February 2, 2018 discharge summary for Plaintiff's February 2, 2018 amputation of right third toe).  To the extent the ALJ is discounting Plaintiff's pain claims, the identified evidence does not appear to justify the conclusion.  To the extent the ALJ is discounting a different subjective claim, he does not identify the claim so the Court again cannot evaluate the legitimacy of his decision.

Because the ALJ failed to properly identify the statements he found not credible and link them to the specific evidence that undermines Plaintiff's testimony, the Court is unable to conduct the required review to determine whether the ALJ provided clear and convincing reasons for discounting each subjective claim.  The Court therefore finds that the ALJ committed legal error by failing to identify the specific testimony found not credible, by failing to identify the specific evidence that undermined the identified testimony, and by relying on a general summary of medical evidence to undermine Plaintiff's subjective claims, which are not identified.  See Brown-Hunter, 806 F.3d at 494 ("Because the ALJ failed to identify the testimony she found not credible, she did not link that testimony to the particular parts of the record supporting her non-credibility determination. This was legal error."); see also Coloma v. Comm'r of Soc. Sec., 2018 WL 5794517 at *9 (E.D. Cal. Nov. 2, 2018) (finding error where "the ALJ simply cites to medical evidence and the general adequacy of Plaintiff's functioning, without any link to how they conflict with, or undermine, Plaintiff's statements").

### 3. Harmless Error

Having found that the ALJ committed legal error, the Court must determine whether the error was harmless.  Harmless error occurs if the error is inconsequential to the ultimate non-disability determination.  See Robbins v. Soc. Sec. Admin., 466 F.3d 880, 885 (9th Cir. 2006);

see also Stout v. Comm'r, Soc. Sec. Admin., 454 F.3d 1050, 1055-56 (9th Cir. 2006). Errors that do not affect the ultimate result are harmless. See Parra v. Astrue, 481 F.3d 742, 747 (9th Cir. 2007). An ALJ's error may be deemed harmless if, in light of the other reasons supporting the overall finding, it can be concluded that the error did not "affect[ ] the ALJ's conclusion." Batson, 359 F.3d 1190, 1197.

In a recent case involving the failure of an ALJ to identify the specific statements she discredited, the Ninth Circuit found the error was not harmless. Brown-Hunter, 806 F. 3d at 489. The Ninth Circuit explained that

> an ALJ does not provide specific, clear, and convincing reasons for rejecting a claimant's testimony by simply reciting the medical evidence in support of his or her residual functional capacity determination. To ensure that our review of the ALJ's credibility determination is meaningful, and that the claimant's testimony is not rejected arbitrarily, we require the ALJ to specify which testimony she finds not credible, and then provide clear and convincing reasons, supported by evidence in the record, to support that credibility determination.

Id. The court determined that the ALJ committed legal error by finding the plaintiff's testimony not credible while failing to identify which testimony she found not credible and why. Id. The court concluded that the error "was not harmless because it preclude[d] [the court] from conducting a meaningful review of the ALJ's reasoning." Id.

The Court makes the same finding in this case. Because the ALJ failed to adequately identify the testimony he found not credible as well as the specific evidence that undermines each statement, the Court cannot conduct a meaningful review of the ALJ's reasoning and, therefore, the error is not harmless. See Brown-Hunter, 806 F.3d at 494 ("We conclude, therefore, that the ALJ committed legal error. This error was not harmless because it precludes us from conducting a meaningful review of the ALJ's reasoning"); see also Holcomb, 832 Fed. Appx. at 506 (noting that the ALJ failed to mention plaintiff's symptom testimony while discussing the medical evidence and finding that "[t]he ALJ's failure to specify the reasons for discrediting Holcomb's symptom testimony was reversible error.") (citing Brown-Hunter, 806 F.

3d at 494).⁵  While there may be evidence in the record to support the ALJ's RFC and disability findings, the ALJ must provide his reasons as it is not this Court's role to fill in, assume, or guess the reasoning for the ALJ's decision.  See Emberson v. Berryhill, 2017 WL 5177131, at *2 (E.D. Cal., Nov. 8, 2017) ("[h]owever, the ALJ does not give such reasoning, and the Court cannot now inject such reasoning into the record.") (citing Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1225 (9th Cir. 2009) ("Long-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and factual findings offered by the ALJ—not post hoc rationalizations that attempt to intuit what the adjudicator may have been thinking."); see also Ava v. Berryhill, 714 Fed. Appx. 655, 657 (9th Cir. 2017) ("[t]hat is not to say that there is no substantial evidence in the record that could support the ALJ's decision []. Indeed, by exploring this record we can find reasons to justify the ALJ's ultimate determination of the RFC and disability decision, but that would not be a proper use of our prerogatives and prudence.  It is a task committed to the ALJ's experience and expertise—she must give us the reasons for her decision.").

### 4. Conclusion

The ALJ failed to identify the specific statements or subjective claims made by Plaintiff that he found were not credible and to tie the allegedly contradicting or undermining evidence

---

⁵ The Court recognizes that some courts have found such errors by the ALJ to be harmless or that there was no error at all since the ALJ's intent could be "reasonably discerned."  See Jose v. Berryhill, 2018 WL 1255763, at *6 (D. Or., Mar. 12, 2018) (finding Brown-Hunter distinguishable because "even if the ALJ could have stated each reason more clearly, the Court is still able to "reasonably discern" the ALJ's path") (citing Despinis v. Comm'r Soc. Sec. Admin., 2017 WL 1927926, at *7 (D. Or. May 10, 2017) (finding the claimant's reliance on Brown–Hunter "unavailing," and stating that although "the ALJ's opinion could have more clearly stated each reason and how it served to discount Plaintiff's credibility, the Court is able to 'reasonably discern' the ALJ's path") (citation omitted); Potter v. Astrue, 2012 WL 1071131, at *10 n.5 (D. Or. Mar. 29, 2012) ("As the Ninth Circuit has explained, it is not necessarily reversible error when the ALJ fails to explicitly link his reasons to the rejection of certain evidence, as long as his reasoning is clear from his decision") (citations omitted), rev'd on other grounds, 571 Fed. Appx. 569 (9th Cir. 2014).  However, the Court finds that the ALJ's reasoning in this matter is not "reasonably discern[able]" given the variety of Plaintiff's subjective claims and the generality of the ALJ's findings.

to the specific statement. Accordingly, the Court is unable to conduct a meaningful review and determine if the ALJ provided clear and convincing reasons for discounting Plaintiff's subjective claims regarding his symptoms. The Court further finds that the error is not harmless and **RECOMMENDS GRANTING** Plaintiff's motion and **DENYING** Defendant's motion.

### 5. Remand v. Reversal

The decision whether to remand for further proceedings or simply to award benefits is within the discretion of the court. See Aida I. v. Saul, 2020 WL 434319, at *5 (S.D. Cal., Jan. 28, 2020) (noting that "[t]he law is well established that the decision whether to remand for further proceedings or simply to award benefits is within the discretion of the Court.") (citing Salvador v. Sullivan, 917 F.2d 13, 15 (9th Cir. 1990); McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989); and Lewin v. Schweiker, 654 F.2d 631, 635 (9th Cir. 1981)). Remand for further administrative proceedings is appropriate if enhancement of the record would be useful. See Gerde v. Berryhill, 717 Fed. Appx. 674, 677 (9th Cir. 2017) ("[r]emand for further administrative proceedings to consider Dr. Alvord's opinion and the lay witness testimony is the proper remedy because enhancement of the record would be useful.") (citing Benecke v. Barnhart, 379 F.3d 587, 593 (9th Cir. 2004)). On the other hand, if the record has been fully developed such that further administrative proceedings would serve no purpose, "the district court should remand for an immediate award of benefits." Benecke, 379 F.3d at 593. "More specifically, the district court should credit evidence that was rejected during the administrative process and remand for an immediate award of benefits if (1) the ALJ failed to provide legally sufficient reasons for rejecting the evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited." Id. (citing Harman v. Apfel, 211 F.3d 1172, 1178 (9th Cir. 2000)). The Ninth Circuit has not definitely stated whether the "credit-as-true" rule is mandatory or discretionary. See Vasquez v. Astrue, 572 F.3d 586, 593 (9th Cir. 2009) (acknowledging that there is a split of authority in the Circuit, but declining to resolve the conflict); Luna v. Astrue, 623 F.3d 1032, 1035 (9th Cir. 2010) (finding rule is not mandatory where "there are 'outstanding issues that must be resolved before a proper disability

determination can be made'" (internal citation omitted)); Shilts v. Astrue, 400 F. App'x 183, 184-85 (9th Cir. Oct. 18, 2010) (explaining that "evidence should be credited as true and an action remanded for an immediate award of benefits only if [the Benecke requirements are satisfied]" (internal citation omitted)).  "Even if all three requirements are met, the Court retains flexibility to remand for further proceedings 'when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act.'" Nichols v. Saul, 2019 WL 6252934, at *10 (S.D. Cal., Nov. 22, 2019) (quoting Brown-Hunter, 806 F.3d at 495).  A remand for an immediate award of benefits is appropriate only in rare circumstances. Id.

Here, based on the record before it, the Court concludes that the rare circumstances that may result in a direct award of benefits are not present. Leon v. Berryhill, 880 F.3d 1041, 1044 (9th Cir. 2017) ("[a]n automatic award of benefits in a disability benefits case is a rare and prophylactic exception to the well-established ordinary remand rule").  Instead, the Court finds further administrative proceedings would serve a meaningful purpose by enabling the ALJ to properly evaluate Plaintiff's testimony, symptoms, and claims. Brown-Hunter, 806 F. 3d at 495-496 (remanding the case to the ALJ since "critical factual issues remain unresolved and [] further proceedings w[ould] be useful").  Therefore, this Court **RECOMMENDS REVERSING** the ALJ's decision and **REMANDING** for further proceedings to address the errors noted in this order.

B.      Notice of New Authority

On September 8, 2021, Plaintiff filed a Notice of New Authority regarding the constitutionality of the appointment of the Commissioner of Social Security.  ECF No. 21.  On September 14, 2021, the Court issued an Order Setting Briefing Schedule Re Notice of New Authority.  ECF No. 22.  Plaintiff and Defendant timely filed additional briefing in accordance with the Court's Order.  ECF Nos. 23 and 24.

Plaintiff argues that because the final decision of the Commissioner is based on reversible error, the decision of the Commissioner should be reversed and the matter remanded.  ECF No. 23.  Specifically, Plaintiff argues that "the improper appointment of the ALJ tainted administrative proceedings below and mandates remand."  Id. at 2.  Plaintiff argues that Andrew Saul's

appointment as Commissioner of Social Security was unconstitutional as he was the single agency head and dischargeable only for cause, not at the pleasure of the President. Id. at 2-3 (citing Seila Law LLC v. CFPB, 140 S.Ct. 2183, 2192 (2020)).

Defendant agrees that "42 U.S.C. § 902 (a)(3) violates the separation of powers to the extent it is construed as limiting the President's authority to remove the Commissioner without cause." ECF No. 24 at 2. However, Defendant contends that this alone is insufficient to set aside Plaintiff's unfavorable disability benefits determination. Id. Defendant also contends that the Supreme Court's decision in Collins v. Yellen, 141 S. Ct. 1761, 1787-89 (2021) forecloses relief in this matter because Plaintiff has not shown "compensable harm" or linked the denial of his claim to the restriction on the president's removal authority. Id. Defendant further contends that there is no nexus between that removal restriction and Plaintiff's alleged harm because the ALJ who presided over Plaintiff's case had his appointment ratified by an Acting Commissioner who was not subject to the unconstitutional removal provision. Id. at 3-7. Finally, Defendant contends that relief is precluded by the harmless error doctrine, de facto offer doctrine, rule of necessity, and broad prudential considerations. Id. at 7-11.

Because the Court is **RECOMMENDING** reversing the ALJ's decision and remanding the matter based on the failures of the ALJ surrounding Plaintiff's subjective symptom testimony, the Court declines to address the allegedly tainted proceedings and improper appointment of the ALJ.[6]

---

[6] The Court notes, however, that it found the constitutional argument unpersuasive in another social security case. See Standifird v. Saul, Case No. 20cv1630-GPC(BLM) at ECF No. 25. Several other courts also have found constitutional arguments based on Seila Law, LLC and Collins v. Yellen irrelevant to the merits of social security disability cases. See Tracey Anne P. v. Kijakazi, 2021 WL 4993021, at *18 (S.D. Cal. Oct. 27, 2021) (noting that "other courts have found these cases and the memorandum opinion irrelevant to the consideration of the merits in social security disability actions") (citing Jon E.C. v. Kijakazi, 2021 U.S. Dist. LEXIS 197598, at *1 n.3 (Oct. 13, 2021) ("Having considered Plaintiff's submission, the Court finds that the authority cited therein would not affect the disposition of this case."); and Keith P. v. Comm'r Soc. Sec., 2021 U.S. Dist. LEXIS 187242, at *9 (Sept. 29, 2021) ("[T]he Court finds that the authority would not affect the disposition of this case.")); see also Robles v. Commissioner of Social Security, 2021 WL 4285170, at *4 n.6 (E.D. Cal., Sept. 21, 2021) (noting that Plaintiff did not

## CONCLUSION

For the reasons set forth above, this Court **RECOMMENDS GRANTING** Plaintiff's Motion for Summary Judgment, **DENYING** Defendant's Cross-Motion for Remand, and **REVERSING** and **REMANDING** the decision of the Commissioner.

**IT IS HEREBY ORDERED** that any written objections to this Report and Recommendation must be filed with the Court and served on all parties no later than **December 21, 2021**. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than **January 5, 2022**. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1157 (9th Cir. 1991).

**IT IS SO ORDERED**.

Dated: 12/7/2021

*Barbara F. Major*
Hon. Barbara L. Major
United States Magistrate Judge

---

develop his argument that the Department of Justice's Office of Legal Counsel's opinion "casts significant doubt onto the constitutionality of the appointment of the Commissioner of Social Security" and stating that the Court is "unconvinced that the cited authorities impact the instant case.") (citing Collins, 141 S. Ct. at 1802 (Kagan, J., concurring in part) (expressing doubt that the Supreme Court's decision would require "the mass of SSA decisions ... to be undone")).