UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSCAR J.,[1]<br><br>                Plaintiff,<br><br>v.<br><br>FRANK J. BISIGNANO, Commissioner of Social Security,[2]<br><br>                Defendants. | Case No.: 20-cv-1432-AJB-BLM<br><br>**ORDER GRANTING MOTION FOR ATTORNEY'S FEES**<br><br>**(Doc. No. 29)** |

    Before the Court is a motion for attorney's fees filed by Steven G. Rosales, counsel for Plaintiff Oscar J. ("Plaintiff"). (Doc. No. 29.) Counsel moves for attorney's fees pursuant to 42 U.S.C. § 406(b) of the Social Security Act. The Commissioner of Social Security (the "Commissioner"), "neither supports nor opposes" the requested fees. (Doc. No. 31 at 2.) For the reasons set forth below, the Court **GRANTS** Counsel's motion for attorney's fees.

---

[1] Pursuant to Civil Local Rule 7.1(e)(6)(b), "[o]pinions by the Court in [Social Security cases under 42 U.S.C. § 405(g)] will refer to any non-government parties by using only their first name and last initial."

[2] Frank Bisignano became the Commissioner of Social Security on May 6, 2025. Frank Bisignano may be substituted as the defendant in this action pursuant to 42 U.S.C. § 405(g).

1

## I.  BACKGROUND

On June 6, 2019, Plaintiff signed a contingency fee agreement retaining Rosales and the Law Offices of Lawrence D. Rohlfing ("Rohlfing Firm") to represent Plaintiff in connection with his claim for social security disability insurance benefits. (Doc. Nos. 29 at 16; 29-1.) Plaintiff filed his complaint on July 24, 2020, seeking judicial review of the Commissioner's denial of his application for disability insurance benefits. (Doc. No. 1.) The Commissioner filed the administrative record on May 6, 2021. (Doc. No. 16.) On June 24, 2021, Plaintiff filed a motion for summary judgment. (Doc. No. 19.) On July 9, 2021, the Commissioner filed a cross-motion for summary judgement and opposition to Plaintiff's Motion. (Doc. No. 20.) On September 8, 2021, Plaintiff filed a notice of new authority, to which the Court issued a briefing schedule. (Doc. Nos. 21; 22.)  Plaintiff and the Commissioner each filed briefs addressing the supplemental authority. (Doc. Nos. 23; 24.)

On December 7, 2021, Magistrate Judge Barbara L. Major issued a Report and Recommendation ("R&R"). (Doc. No. 25.). The R&R recommended granting Plaintiff's Motion for Summary Judgment, denying the Commissioner's Cross-motion Summary Judgment, and remanding the matter back to the Commissioner for further proceedings. (*Id*.) The parties were instructed to file any written objections to the R&R by no later than December 21, 2021, and replies no later than January 5, 2022. (*Id.*) Neither party filed an objection. The Court adopted the magistrate judge's R&R and remanded the case to back to the Commissioner for further review pursuant to 42 U.S.C. § 405(g). (Doc. No. 26.)

The parties subsequently filed a joint motion for Plaintiff to be awarded attorney's fees and expenses pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), and costs pursuant to 28 U.S.C. § 1920. (Doc. No. 27.) The Court granted the joint motion. (Doc. No. 28.) Subsequently, on remand, the Commissioner awarded Plaintiff approximately $113,626.00 in retroactive social security benefits. (Doc. No. 29 at 5.)

On March 26, 2025, Rosales filed the instant motion pursuant to 42 U.S.C. § 406(b) seeking attorney's fees in the amount of $28,406.00, payable to the Rohlfing Firm. (*Id*.)

The Commissioner filed a response declining to take a stance on the motion but providing brief analysis of the requested fee. (Doc. No. 31.)

## II. LEGAL STANDARD

"Under 42 U.S.C. § 406(b), a court entering judgment in favor of [a social security] claimant who was represented by an attorney 'may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment.'" *Crawford v. Astrue*, 586 F.3d 1142, 1147 (9th Cir. 2009) (en banc) (quoting § 406(b)(1)(A)). "Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).

"[A] district court charged with determining a reasonable fee award under § 406(b)(1)(A) must respect 'the primacy of lawful attorney-client fee agreements,' . . . 'looking first to the contingent-fee agreement, then testing it for reasonableness.'" *Crawford*, 586 F.3d at 1148 (quoting *Gisbrecht*, 535 U.S. at 793, 808). When determining reasonableness, the court must consider "whether the amount need be reduced, not whether the loadstar amount should be enhanced." *Id.* at 1149. While there is not a definitive list of factors, courts should consider "the character of the representation and the results the representative achieved." *Gisbrecht*, 533 U.S. at 808. "The court may properly reduce the fee for substandard performance, delay, or benefits that are not in proportion to the time spent on the case." *Crawford*, 586 F.3d at 1151. However, since *Gisbrecht*, "district courts generally have been deferential to the terms of contingency fee contracts in § 406(b) cases, accepting that the resulting de facto hourly rates may exceed those for non[-]contingency-fee arrangements." *Hearn v. Barnhart*, 262 F. Supp. 2d 1033, 1037 (N.D. Cal. 2003). Finally, any fee award under § 406 must be offset by any award of attorney's fees granted under the EAJA. 28 U.S.C. § 2412; *Gisbrecht*, 535 U.S. at 796.

/ / /

/ / /

### III. DISCUSSION

Counsel seeks payment of $28,406.00 in attorney's fees and an order for the Rohlfing Firm to reimburse Plaintiff $4,700.00 for the previously paid EAJA fees. (Doc. No. 29 at 5.) Upon careful consideration of the fee agreement and testing it for reasonableness, the Court finds that the requested fees are reasonable in light of the particular circumstances of this case. (*See* Doc. No. 29-1.) *See Gisbrecht*, 535 U.S. at 807; *Crawford*, 586 F.3d at 1149.

Counsel seeks 25% of the past due benefits paid or payable to Plaintiff. (Doc. Nos. 29; 29-1.) This request is within the statutory and contract-based maximum of 25% of past-due benefits. (*See id.*) Moreover, nothing in the record suggests that there was any overreaching by Plaintiff's counsel in making the fee agreement or any impropriety in representing Plaintiff.

Next, considering awards in other social security cases, the Court finds that 23.2 hours was a reasonable amount of time to expend for the successful litigation of this case. (*See id.*) The Court also finds the effective hourly rate to be reasonable. Taking the total amount of fees requested, $28,406.00, divided by the total number of hours spent by counsel, establishes an effective hourly rate of approximately $1,224.37. Although his rate is on the higher end, it is within the range of hourly rates approved by other courts in the Ninth Circuit. *See Kelly Kay M. v. O'Malley*, No. 22-CV-01969-DDL, 2024 WL 4536462, at *3 (S.D. Cal. Oct. 21, 2024) (finding an effective hourly rate of $1,923.07 reasonable); *Reddick v. Berryhill*, No. 16-CV-00029-BTM-BLM, 2019 WL 2330895, at *1–2 (S.D. Cal. May 30, 2019) (granting $43,000 in fees for 21.6 hours of work, which effectively is an hourly rate of $1,990.74, on reconsideration); *White v. Berryhill*, 2017 WL 11634804, at *3 (C.D. Cal. July 7, 2017) (finding an effective hourly rate of $1,612 reasonable); *Truett v. Berryhill*, No. 13-CV-02742-W-BLM, 2017 WL 3783892, at *2 (S.D. Cal. Aug. 31, 2017) (accepting a "high hourly rate of $1,788.62").

Finally, there is nothing in the record to suggest substandard performance, dilatory conduct, or a disproportionate amount of time spent on this case relevant to the benefits at

stake. Counsel assumed the risk of nonpayment inherent in a contingency agreement, the fee does not exceed the 25 percent statutory cap, and counsel's efforts ultimately proved successful for Plaintiff. Finally, Plaintiff had an opportunity to oppose the motion but did not do so. Under the totality of the circumstances, a comparison of the benefits secured and the time Plaintiff's counsel spent on the case does not suggest that the fee sought would represent a windfall to counsel. Accordingly, the Court finds the § 406(b) fee requested by counsel is reasonable in this case.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's counsel's motion for attorney's fees pursuant to 42 U.S.C. § 406(b) and **APPROVES** an award in the amount of $28,406.00. The Court further **ORDERS** Plaintiff's counsel to refund Plaintiff $4,700.00 for the EAJA fees previously paid.

**IT IS SO ORDERED.**

Dated: August 22, 2025

Hon. Anthony J. Battaglia
United States District Judge